IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25-CR-0127-Z |
| ERIC REGINALD WOODS | |

## FACTUAL RESUME

In support of Eric Reginald Woods's plea of guilty to the offense in Count One of the Indictment, Woods, the defendant; Paula Millan, the defendant's attorney; and the United States of America ("the government") stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a firearm as charged;

*Second.* That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.* That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

*Fourth.* That the firearm possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the

---

[1] Fifth Circuit Pattern Jury Instructions 2.43D, 1.48 (2024).

Eric Reginald Woods
Factual Resume—Page 1

firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or any destructive device.

## STIPULATED FACTS

1.     Defendant Eric Reginald Woods admits and agrees that on or about December 1, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, he did knowingly possess in or affecting interstate or foreign commerce a firearm, to wit, a Sig Sauer, SP2022, 9mm caliber pistol, serial number 24B161791. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

2.     On December 1, 2024, at approximately 12:58 a.m., an Amarillo Police Department ("APD") officer conducted a traffic stop of a vehicle in Amarillo, Texas, in the Amarillo Division of the Northern District of Texas. The officer ("K.R.") had come upon the vehicle, ran the rear license plate, and found the license plate had been expired since September 2017. K.R. activated his vehicle's lights and performed a traffic stop north of the East Amarillo Boulevard and North Grant intersection. K.R. approached the vehicle's driver's side and encountered the driver, Eric Reginald Woods. Woods stated he was driving his mother's car and was picking up his sister and sole passenger, J.B.,

from a bar. Woods also stated he did not have his driver's license on him. K.R. returned to his vehicle to check for warrants for the vehicle's occupants and to learn whether Woods had a valid driver's license. Around this time, another officer arrived to assist.

3. When K.R. ran Woods's information in his computer, K.R. learned that Woods had a felony parole violation warrant and was considered "armed and dangerous." K.R. also learned J.B. had a felony probation violation warrant. K.R. informed the second officer that Woods was listed as armed and dangerous, so they planned to effectuate Woods's arrest together and arrest J.B. after Woods was secured.

4. Officers approached the vehicle to arrest Woods, asked him out of the vehicle, and informed Woods he was being arrested on a felony warrant. Initially, Woods placed his hands behind his back, and K.R. was able to place Woods's right wrist into a restraint. When K.R. attempted to bring Woods's left wrist to the restraint, Woods began to resist and run away as K.R. held onto the restraint on Woods's right wrist. During K.R.'s attempts to prevent Woods's flight and gain control of Woods, K.R. fell, while the second officer maintained his grip of Woods. As K.R. continued to prevent flight and attempt to gain control of Woods, Woods fell on top of K.R. who was still holding onto Woods, causing K.R.'s arm to move over and behind him, popping out of the shoulder socket and causing K.R. to lose his grip on the handcuffs.

5. Woods continued to resist, attempted to kick officers, and attempted to rise to his feet to flee. K.R. attempted to gain control of Woods by tasering him; Woods hit K.R. in the face and arm to prevent being tased. Having been tased twice, Woods remained noncompliant. Eventually, officers were able to handcuff Woods by sitting on

Eric Reginald Woods
Factual Resume—Page 3

his back as Woods continued to fight officers and yelled repeatedly for J.B. to flee in the car. Because Woods continued to resist and refused to walk, he was carried to a police vehicle where he began attempting to kick out windows and was placed in a helmet for his own safety.

6. Once Woods and J.B. were secured and because both were arrested, officers impounded the vehicle. During an inventory search of the vehicle, within the glovebox, officers located a loaded Sig Sauer, SP2022, 9mm caliber pistol, serial number 24B161791, which had a Gmconn weapon-mounted flashlight attached to it.

7. Officers obtained a search warrant for Woods's phone, which they searched for photos of the Sig Sauer. Woods's phone contained multiple photographs from August 8, 2024, of a Sig Sauer with a Gmconn flashlight attached, consistent with that recovered on December 1, 2024. Further, the scratches and other minor cosmetic defects on the photographed Sig Sauer and that seized during the traffic stop were the same. On August 8, August 14, and September 1, 2024, Woods sent texts and photographs of the Sig Sauer to multiple people stating the pistol was for sale. Woods admits that he knowingly possessed the Sig Sauer.

8. Law enforcement performed a test fire of the Sig Sauer on December 3, 2024. The firearm was able to expel a projectile, indicating the firearm functioned as designed.

9. An interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives determined that the Sig Sauer, SP2022, 9mm caliber pistol, serial number 24B161791, was manufactured outside the state of Texas. The firearm, therefore,

traveled in interstate or foreign commerce; that is, the firearm traveled from one state to another or between any part of the United States and another country before Woods possessed it on December 1, 2024.

10. Prior to December 1, 2024, Woods had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year. Woods admits and agrees that he knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year. Specifically, on May 23, 2014, Woods was convicted of Possession with Intent to Deliver Controlled Substances in a Drug Free Zone, Enhanced, in the 47th District Court of Potter County, Texas, and was sentenced to twenty years' imprisonment. The judgment for that conviction states the crime of conviction is a felony offense.

11. Woods admits and agrees that the Sig Sauer, SP2022, 9mm caliber pistol, serial number 24B161791, should be forfeited to the United States under Title 18, United States Code, Section 924(d). Woods waives all property interests and rights in the firearm and any additional ammunition, magazines, and/or accessories recovered with it.

12. This Factual Resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's plea of guilty to Count One of the Indictment.

AGREED TO AND STIPULATED on this 5th day of February, 2025.

                                                RYAN RAYBOULD
                                                UNITED STATES ATTORNEY

/s/ Eric Woods  
ERIC REGINALD WOODS  
Defendant

/s/ Jennifer P. Schrauth  
JENNIFER P. SCHRAUTH  
Assistant United States Attorney  
Iowa State Bar No. AT0015322  
1205 Texas Avenue, Suite 700  
Lubbock, Texas 79401  
Telephone:  806-472-7351  
Facsimile:  806-472-7394  
E-mail:  jen.schrauth@usdoj.gov

/s/ Paula M  
PAULA MILLAN  
Attorney for Defendant

Eric Reginald Woods  
Factual Resume—Page 6